**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1454
_____

UNITED STATES OF AMERICA

v.

EDWARD JESUS-NUNEZ,
                                        Appellant


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 1-10-cr-00017-001)
District Judge:  Hon. Sylvia H. Rambo

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 23, 2014

Before:  McKEE, Chief Judge, CHAGARES, Circuit Judge, and
THOMPSON, District Judge.[*]

(Filed: August 13, 2014)
_____

OPINION
_____

CHAGARES, Circuit Judge.

     Edward Jesus-Nunez ("Nunez") was sentenced to 20 years of imprisonment after

pleading guilty to conspiracy to distribute and possess with intent to distribute 5

_____
[*] The Honorable Anne E. Thompson, United States District Judge for the District of New
Jersey, sitting by designation.

kilograms or more of cocaine hydrochloride and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. He now challenges the District Court's denial of his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. For the reasons stated below, we will affirm the judgment of the District Court.

I.

We write exclusively for the parties and therefore set forth only those facts that are necessary to our disposition. On January 27, 2010, a grand jury charged Nunez with, inter alia, conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine hydrochloride and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. Lori J. Ulrich, Esq. was appointed to represent Nunez. On January 29, 2010, Nunez entered a not guilty plea before a federal magistrate judge.

On June 18, 2010, Ms. Ulrich, on behalf of Nunez, filed a motion to suppress evidence derived from a global positioning system ("GPS") tracking device. Law enforcement officers placed the GPS on Nunez's vehicle without a warrant on or around February 9, 2009, and tracked his movements until his arrest on January 22, 2010. The District Court denied Nunez's motion to suppress without a hearing.

On November 4, 2010, Ms. Ulrich filed an unopposed motion to withdraw due to an alleged breakdown in the attorney-client relationship. The District Court granted her motion and appointed Donald F. Martino, Esq. to represent Nunez. Mr. Martino did not file any additional substantive motions on Nunez's behalf.

On August 15, 2011, Nunez entered a guilty plea to the charge of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine

2

hydrochloride and 50 grams or more of cocaine base; the Government agreed to dismiss the remaining counts.  The plea agreement contained a 15-year term of imprisonment.  At the time of Nunez's guilty plea, the District Court questioned him under oath.  Nunez stated that he understood the plea agreement and the Government's description of his role in the offense, and that he entered his plea free from undue influence.

By e-mail dated May 12, 2011, the District Court notified the attorneys of its concerns regarding the 15-year imprisonment term.  In response, Nunez requested that the court refrain from formally rejecting his plea until after holding an evidentiary hearing on his objections to his pre-sentence report.  The District Court granted his request and held an evidentiary hearing on August 15, 2011.  At the hearing, Mr. Martino advised the Government that Nunez agreed to withdraw his objections to the pre-sentence report and accept a plea agreement containing an imprisonment term of 20 years, provided that he would be sentenced that same day.  After questioning Nunez as to the new plea agreement, the District Court sentenced Nunez to 20 years of imprisonment.

On June 26, 2012, Nunez filed a pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, claiming that he received ineffective assistance of counsel in reaching the plea agreement.  Thereafter, the District Court appointed Edward J. Rymsza, Esq. to represent Nunez in connection with his § 2255 motion.  Mr. Rymsza, on behalf of Nunez, filed a supplemental motion to vacate.  On December 11, 2012, the court held an evidentiary hearing.  It then denied  Nunez's motion to vacate and declined to issue a certificate of appealability ("COA").

3

Nunez filed a timely notice of appeal and applied for a COA with this Court. We granted a COA, limiting the appeal to the single issue of "whether counsel rendered ineffective assistance by failing to protect, preserve, and pursue [Nunez's] right to challenge the admission of GPS evidence and its fruits."

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 2255. We have appellate jurisdiction under 28 U.S.C. § 1291 and 2253.

We review de novo a district court's denial of a defendant's motion to vacate based on a claim of ineffective assistance of counsel. United States v. Cross, 308 F.3d 308, 314 (3d Cir. 2002).

## III.

Nunez contends that his prior counsel were ineffective for failing to preserve his right to appeal the District Court's admission of the GPS evidence.

In ascertaining the validity of a guilty plea, a court must determine whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. North Carolina v. Alford, 400 U.S. 25, 31 (1970). A defendant who pleads guilty upon the advice of counsel may attack the voluntary and intelligent nature of such a plea only by meeting the test for ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668, 687, 696 (1984). See Hill v. Lockhart, 474 U.S. 52 (1985). Under the two-pronged Strickland test, the defendant must show that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a "reasonable probability that but for counsel's unprofessional errors, the results

4

of the proceeding would have been different." To establish prejudice in the guilty plea context, a defendant must show that there is a reasonable probability that but for counsel's errors he would insisted on going to trial. Hill, 474 U.S. at 59.

Nunez asserts that his counsel's performance fell below an objective standard of reasonableness because his counsel failed to pursue "several available options that would have protected and preserved the [GPS] issue for appellate review." Nunez Br. 10. He focuses on the fact that, nine days after the District Court denied his motion to suppress and six months before he pleaded guilty, the United States Court of Appeals for the District of Columbia decided United States v. Maynard, 615 F.3d 544 (D.C. Cir. 2010). In that case, the court held that evidence obtained from the use of a GPS without a warrant constituted a search under the Fourth Amendment and should have been suppressed. Id. Five months after Nunez was sentenced, the United States Supreme Court affirmed the Maynard decision in United States v. Jones, 132 S.Ct. 945 (2012).

Although Nunez concedes that Maynard was not binding precedent in this circuit and that this Court had not decided any similar cases, he argues that his counsel should have attempted to preserve his suppression claim in light of Maynard. Specifically, Nunez asserts that counsel could have: (1) filed for reconsideration of the suppression motion after Maynard was decided; (2) sought to procure a conditional guilty plea that preserved Nunez's right to appeal the denial of his suppression motion; (3) requested a continuance of his guilty plea and sentencing in order to await a decision by the Supreme Court in Jones; and/or (4) attempted to secure a stipulated-facts trial. Nunez Br. 15-19.

5

Nunez has not demonstrated that Ms. Ulrich or Mr. Martino acted unreasonably in deciding not to pursue these courses of action. In assessing whether counsel's performance was constitutionally deficient, we must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. Here, Ms. Ulrich and Mr. Martino had objectively sound strategic bases for deciding not to file motions for reconsideration. There was no binding precedent on the issue of GPS evidence at the time, and Nunez's counsel could not have been expected to predict that the Supreme Court would decide Jones as it did. Moreover, Mr. Martino's decision not to pursue other options, such as a stipulated-facts trial, was objectively reasonable, given that Nunez had expressed his desire to enter a guilty plea.

In addition, Nunez has not shown that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. Accordingly, Nunez has failed to make the showing required by Strickland.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.